Case 11-11495    Filed 07/26/11    Doc 121

FILED

JUL 26 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Ruth M. Deamicis,<br><br>              Debtor.<br><br>U.S. Bank National Association, as Indenture Trustee, on behalf of the holders of the Terwin Mortgage Trust 2007-QHL1, Asset-Backed Securities, Series 2007-QHL1, without recourse,<br><br>              Movant,<br><br>v.<br><br>Ruth M. Deamicis,<br><br>              Respondent. | Case No. 11-11495-B-7<br><br>DC No. DJB-2 |

**MEMORANDUM DECISION REGARDING MOTION
FOR RELIEF FROM AUTOMATIC STAY**

David J. Boyer, Esq., appeared on behalf of the movant, U.S. Bank National Association, as Indenture Trustee, on behalf of the holders of the Terwin Mortgage Trust 2007-QHL1, Asset-Backed Securities, Series 2007-QHL1, without recourse.

Debtor, Ruth M. Deamicis appeared *in propria persona*.

      Before the court is a motion for relief from the automatic stay (the "Motion") filed by U.S. Bank National Association, as Indenture Trustee, on

behalf of the holders of the Terwin Mortgage Trust 2007-QHL1, Asset-Backed Securities, Series 2007-QHL1, without recourse (the "Terwin Trust"). The Terwin Trust seeks relief from the automatic stay to enforce an unlawful detainer judgment from the state court and to pursue eviction proceedings against the Debtor's residence. For the reasons set forth below, the Motion will be denied.

This memorandum decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052.[1] The court has jurisdiction over this matter under 28 U.S.C. § 1334, 11 U.S.C. § 362 and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A) & (G).

**Background and Findings of Fact.**

This bankruptcy was filed as a voluntary chapter 7 petition on February 9, 2011. Prior to commencement of the bankruptcy, in June 2010, the Terwin Trust acquired title to the Debtor's residence (the "Property") through a nonjudicial foreclosure sale. A Trustee's Deed Upon Sale was recorded with the Kern County Recorder on June 21, 2010 (the "Trustee's Deed").[2] On July 2, 2010, a Notice to Vacate Property was posted on the Property by an entity identified only as U.S. Bank National Association as Indenture Trustee (USBIT). The Notice to Vacate was not issued in the name of, nor does it mention the Terwin Trust. On

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[2] The Debtor contends that the foreclosure itself was wrongful and that the Trustee's Deed should be set aside. However, that "collateral attack" on the foreclosure has not been adjudicated by any court and it will not be decided or considered here. For the purposes of this Motion, the court assumes without finding that the Trustee's Deed in favor of the Terwin Trust is valid and enforceable.

2

1  July 15, 2010, USBIT filed a Complaint In Unlawful Detainer against the Debtor
2  and her husband in the Kern County Superior Court (case number M-1502-CL-
3  18351: the "U.D. Action"). Again, the U.D. Action does not mention the Terwin
4  Trust. On February 3, 2011, USBIT obtained a judgment in the U.D. Action
5  which purports to give USBIT the right to possession of the Property (the "U.D.
6  Judgment"). The Terwin Trust is not mentioned in the U.D. Judgment.
7       After this bankruptcy was filed, on March 25, 2011, a third entity
8  identified as U.S. Bank National Association (USBNA) brought a motion for
9  relief from the automatic stay to enforce the U.D. Judgment. Based on the
10 documents filed in support of that motion, the motion was orally granted at the
11 hearing, over the Debtor's objection, on May 5, 2011 (the "First 362 Motion").
12 However, USBNA did not submit an order.
13      On May 16, 2011, the Terwin Trust filed this second motion for relief
14 from the automatic stay requesting the same relief which USBNA requested in
15 the First 362 Motion, relief to enforce the U.D. Judgment (the "Second 362
16 Motion"). The Terwin Trust states that this Second 362 Motion is necessary
17 because the First 362 Motion did not properly identify the entity that held title to
18 the Property, the Terwin Trust. The Debtor again objects to the relief requested.
19 **Analysis.**
20      A motion for relief from the automatic stay must be prosecuted by the real
21 party in interest. Fed.R.Civ.P. 17(a)(1) (made applicable to this contested matter
22 by Fed.R.Bankr.P. 7017). The moving party's status as a "party in interest"
23 under § 362 "must be determined on a case-by-case basis, with reference to the
24 interest asserted and how [that] interest is affected by the automatic stay." *In re*
25 *Veal* ___ B.R. ___, 2011 WL 2652328 (9th Cir. BAP 2011) (citations omitted).
26 The problem with this Motion lies in the fact that three different proceedings
27 have now been prosecuted in the state court and in this bankruptcy court by three
28 different entities. The movant here, the Terwin Trust, asks this court to overlook

Case 11-11495    Filed 07/26/11    Doc 121

1  any discrepancy in the naming of the litigants in those proceedings and accept its
2  contention that the Terwin Trust was the real party in interest in all three
3  proceedings.
4      Here, the Terwin Trust seeks relief from the automatic stay with specific
5  permission to enforce the U.D. Judgment.  However, the U.D. Judgment was
6  issued in the name of USBIT with no reference to the Terwin Trust.  This court
7  orally granted the First 362 Motion brought by USBNA on the mistaken
8  conclusion that USBNA was the proper party to enforce the U.D. Judgment.  In
9  this Second 362 Motion, the Terwin Trust reveals that USBNA was indeed the
10 wrong party to prosecute the First 362 Motion.  If USBNA was the wrong party
11 to bring the First 362 Motion, then by the same logic the court is not persuaded
12 that the Terwin Trust is the right party to enforce the U.D. Judgment which was
13 not issued in its name.
14     In its moving papers and supplemental brief, the Terwin Trust
15 acknowledges "[The First 362 Motion] did not contain the complete name of this
16 Moving Party" and characterizes the discrepancy as a "nomenclature issue."  In
17 its supplemental brief, the Terwin Trust states that the failure to properly name
18 the moving party in the First 362 Motion was a "clerical error" which should
19 have been excused because the Trustee's Deed was attached as an exhibit.
20 However, if omission of the Terwin Trust's name from the First 362 Motion
21 somehow makes that Motion ineffective, then that omission also raises questions
22 about the Terwin Trust's right to enforce the U.D. Judgment.  That defect cannot
23 be cured, either directly or implicitly, by any ruling this court can make on behalf
24 of the Terwin Trust in the Second 362 Motion.
25     The Terwin Trust offers no evidence to suggest that the entity identified in
26 the state court pleadings and the U.D. Judgment as "U.S. Bank National
27 Association as Indenture Trustee" even exists separate from the specific trust(s)
28 for which it is supposed to serve.  Presumably, the FDIC registered entity known

as U.S. Bank National Association serves as the indenture trustee for hundreds, if not thousands of asset-backed mortgage trusts. If an entity with the abbreviated generic title "U.S. Bank National Association as Indenture Trustee" had authority to prosecute the U.D. Action and obtain the relief for the benefit of any unnamed mortgage trust, then it is not clear why the Terwin Trust needed to bring this Second 362 Motion and seek specific relief in its name.

Before this court could issue an order which implicitly authorizes the Terwin Trust to enforce the U.D. Judgment, the Terwin Trust will have to return to the state court to amend or correct the U.D. Judgment. That issue cannot be decided in this proceeding. The Terwin Trust does not acknowledge any omissions or defects in the U.D. Judgment and has not sought relief to return to the state court for that purpose.

**Conclusion.**

Based on the foregoing, the court finds and concludes with regard to enforcement of the U.D. Judgment, that the moving party in this Motion, the Terwin Trust, is not the real party in interest whose rights are affected by the automatic stay. The Motion will be denied.

Dated: July 26, 2011

_____
W. Richard Lee
United States Bankruptcy Judge